CARROLL, Judge.
The plaintiff Jessie Burroughs filed an action against J. F. Conerly and Blue Ribbon Sales Company, a Florida corporation, for damages for personal injuries he alleged were received in the course of his employment by the defendants resulting from unsafe working conditions. The defendant corporation moved for and was granted summary judgment, and the plaintiff appealed.
The pleadings and evidence before the trial court on the motion for summary *196 judgment disclosed that the defendant Con-erly was a tomato grower and the corporation, a broker, handled the sale and disposition of the produce. In a deposition Conerly stated they so operated in Florida and in Pennsylvania at different reasons, under an arrangement for shar-:ng profits and losses. It was shown that rpace in a produce warehouse in Dade County had been leased by the defendant Corporation, and that a large number of tomato crates owned by Conerly were stored there; that when the crates were needed in Pennsylvania the corporation had dispatched a truck to obtain them; that Conerly hired plaintiff and another worker to remove the crates from the storage place and load them on the truck; that under instructions from Conerly it was necessary to climb to the top of the stack of crates; that when plaintiff was climbing the stack of crates they gave way and he fell, allegedly due to the fact, unknown to plaintiff, that the manner in which the crates were stacked made them unstable and unsafe when climbed. Plaintiff charged both defendants with negligence in that regard.
The defendant Conerly filed a cross claim against the defendant corporation, contending that he, Conerly, had stacked the crates properly in the space leased by the corporation; that thereafter the crates had remained in the control of the corporation, and that it was the latter and not Conerly, if anyone, who was responsible for the condition of the stacked crates. .
In granting the defendant corporations motion for summary judgment it appears the trial court proceeded on the theory that no triable issue was presented either as to the duty of the defendant corporation as an occupier of the premises to the plaintiff as a business invitee thereon, oí-as to liability of the corporate defendant as a member of a joint venture, as an employer to furnish a safe place to work. The corporation presented no evidence to dispel either of those bases for liability, and, as shown above, the deposition of the defendant Conerly disclosed facts sufficient to show or infer that the defendants were engaged in a joint venture and that the employment of the plaintiff in the course of which his injuries were received, was in the interest of the defendants in such joint venture.
For the reasons stated we conclude there were triable issues bearing on liability of the defendant corporation which could not properly be resolved on summary judgment. Accordingly, the summary judgment granted in favor of the defendant Blue Ribbon Sales Company is reversed and the cause is remanded for further proceedings.
Reversed and remanded.